# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **SHEREE HUTCHINGS,** | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| **THE UNITED STATES OF** | § | Civil Action No. _____ |
| **AMERICA D/B/A UNITED** | § | |
| **STATES POSTAL SERVICE,** | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, SHEREE HUTCHINGS, Plaintiff in the above-entitled and numbered cause of action, complaining of Defendant, THE UNITED STATES OF AMERICA D/B/A UNITED STATES POSTAL SERVICE, and in support thereof would respectfully show the Court as follows:

### A. PARTIES

1. Sheree Hutchings ("Plaintiff") is a resident of Paris, Lamar County, Texas.

2. The United States of America d/b/a The United States Postal Service ("Defendant USPS") may be served by delivering a copy of the summons and of the complaint by certified mail, return receipt requested, to the United States Attorney for the Northern District of Texas at:

> **CIVIL PROCESS CLERK**
> **U.S. ATTORNEY FOR NORTHERN DISTRICT OF TEXAS**
> **1100 COMMERCE STREET, THIRD FLOOR**
> **DALLAS, TEXAS 75242**

and by also sending a copy by certified mail, return receipt requested, to the Attorney General of the United States at:

> **ATTORNEY GENERAL OF THE UNITED STATES**
> **U.S. DEPARTMENT OF JUSTICE**
> **950 PENNSYLVANIA AVE., NW, ROOM B-103**
> **WASHINGTON, D.C. 20530.**

and by also sending a copy by certified mail, return receipt requested, to the Postmaster General of the United States at:

> **UNITED STATES POSTMASTER GENERAL**
> **U.S. POSTAL SERVICE**
> **475 L'ENFANT PLAZA, SW,**
> **WASHINGTON, DC 20260.**

## B.
## JURISDICTION

3.  The court has jurisdiction over the lawsuit according to 28 U.S.C. § 1332 because this is a suit under the Federal Tort Claims Act, 28 U.S.C. § 1346.

## C.
## VENUE

4.  Venue of this case is proper in the Northern District of Texas, pursuant to 28 U.S.C. §1391(e), as the United States of America d/b/a The United States Postal Service is a defendant and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## D.
## CONDITIONS PRECEDENT

5.  Pursuant to 28 U.S.C. §2672 and §2675(a), Plaintiff pleads that the claim set forth herein was filed with and presented administratively by Standard Form 95. The United States Postal Service has failed to make a final disposition of the claim within six months of presentment. Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

## E.
## FACTS

6.  On or about November 23, 2019, Plaintiff was traveling southbound on Southeast 12th Street in Paris, Texas. At said time and place, Jason Cullum was stopped at a stop sign at the intersection of Southeast 12th Street and East Washington. Suddenly and without warning, Jason

Cullum failed to yield at the stop sign and collided with the Plaintiff's vehicle. This collision caused severe injuries to Plaintiff.

7. The vehicle being operated by Jason Cullum was owned by Defendant USPS.

8. Upon information and belief, at the time of the incident in question, Jason Cullum was an employee of the United States Postal Service acting in the course and scope of his employment.

## F. NEGLIGENCE

9. On the occasion in question, Jason Cullum operated a vehicle in a negligent manner and violated the duty of care owed to the Plaintiff to exercise ordinary care in the operation of a motor-vehicle, as follows:

   a. In failing to yield the right of way;

   b. In failing to maintain a proper lookout as a person of ordinary prudence would have maintained under the same or similar circumstances;

   c. In failing to control the operation of said vehicle;

   d. In failing to avoid the incident in question;

   e. In operating the vehicle in an unsafe manner;

   f. By driving at a speed greater than reasonable and prudent; and

   g. Other acts or negligence and/or negligence per se.

10. Each of the foregoing acts or omissions, whether taken singularly or in any combination, constitutes negligence, and was a proximate cause of Plaintiff's injuries and damages.

## G.
## RESPONDEAT SUPERIOR

11. At all times material to this lawsuit, Jason Cullum was an employee of Defendant USPS and was acting within the course and scope of that employment. Consequently, Defendant USPS is vicariously liable to Plaintiff for the negligent and/or negligent per se conduct of Jason Cullum under the doctrine of *respondeat superior*.

## H.
## NEGLIGENT HIRING/TRAINING/SUPERVISION/ENTRUSTMENT

12. Plaintiff would show that said collision made the basis of this lawsuit resulted from the negligence of Defendant USPS. Such negligent and/or negligent *per se* acts or omission include, but are not limited to the following:

   a. hiring and/or retaining Jason Cullum, whom it knew or should have known was a reckless or incompetent driver;

   b. entrusting a vehicle to Jason Cullum, whom it knew or should have known was a reckless or incompetent driver;

   c. failing to properly investigate Jason Cullum's driving and employment history;

   d. failing to properly train Jason Cullum;

   e. failing to properly supervise Jason Cullum's driving activities;

   f. failing to maintain the vehicle involved in the collision in proper working condition;

   g. failing to properly repair the vehicle involved in the collision;

   h. failing to properly inspect the vehicle involved in the collision in question; and

   i. other acts of negligence and/or negligence *per se*.

13. One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant USPS constituted negligence and/or negligence *per se* and such negligence and/or negligence *per se* was a proximate cause of the occurrence and Plaintiff's injuries and damages.

## I.
## DAMAGES

14. As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence and/or negligence per se of Defendants, Plaintiff sustained significant injuries and damages in the past and will in reasonable probability sustain these damages in the future, which include, but are not limited to:

 a. Physical pain and mental anguish;
 c. Physical impairment;
 d. Medical care expenses;
 e. Property damage; and
 f. Out-of-pocket economic losses.

## J.
## INTEREST

15. Plaintiff also seeks recovery of all prejudgment and post-judgment interest allowed by applicable law.

## K.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff recover damages in accordance with the evidence, that Plaintiff recover costs of court herein expended, that Plaintiff recover interest to which Plaintiff is justly entitled under the law, and for

such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

By: _____
**DANIELLA R. ALVARADO**
State Bar No. 24109584
E-Mail: dalvarado@linklawpc.com
**FELIPE B. LINK**
State Bar No. 24057968
E-Mail: flink@linklawpc.com

**LINK & ASSOCIATES**
10440 North Central Expy., Ste. 950
Dallas, Texas 75231
Telephone: (214) 214-3001
Facsimile: (214) 521-5871
**ATTORNEYS FOR PLAINTIFF**